Filed 7/15/24  P. v. James CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082644 |
| v. | (Super.Ct.No. RIF1606009) |
| ANTOINE DESHAWN JAMES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Antoine Deshawn James was convicted of murder and related offenses. He appealed, and we affirmed in part, vacated in part, and remanded for resentencing. (*People v. James* (Mar. 21, 2023, E077486) [nonpub. opn.].) James now appeals from the new judgment following resentencing. We appointed counsel to represent James on appeal, and counsel filed an opening brief that raised no issues and requested an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738. We affirm.

BACKGROUND

In August 2017, the People filed an information alleging that James committed two counts of murder (Pen. Code, § 187, subd. (a); undesignated statutory citations refer to this code), one count of attempted murder (§§ 664, 187, subd. (a)), one count of active participation in a criminal street gang (§ 186.22, subd. (a)), and one count of felon in possession of a firearm (§ 29800, subd. (a)(1)). The People further alleged the multiple murder special circumstance (§ 190.2, subd. (a)(3)), the gang special circumstance (§ 190.2, subd. (a)(22)), and the hate crime special circumstance (§ 190.2, subd. (a)(16)). The People also alleged as to the murder and attempted murder counts that they were committed for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)(C)) and that a principal personally and intentionally discharged a firearm causing great bodily injury or death to the victims, who were not accomplices (§ 12022.53, subds. (d) & (e)). As to the attempted murder count, the People alleged that James personally inflicted great bodily injury. (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8).) The People alleged that James had served a prior prison term

2

(§ 667.5, subd. (b)) and that he was previously convicted of three serious felonies (§ 667, subd. (a)) that were also strikes (§ 667, subds. (c) & (e)).

In January 2020, a jury convicted James of premeditated attempted murder, active participation in a gang, and felon in possession of a firearm, and the jury also found the gang, firearm, and great bodily injury allegations true. The jury was deadlocked on the murder counts, and the trial court declared a mistrial as to those counts.

Before the second trial on the murder counts, the People dismissed the hate crime special circumstance allegations (§ 190.2, subd. (a)(16)), and in June 2021, a jury convicted James of first degree premeditated murder on both murder counts and found the gang and firearm enhancements true. The jury found the multiple murder and gang special circumstance allegations not true.

The trial court granted the People's motion to strike one of the prior strikes and one of the prior serious felony convictions. James admitted the remaining two strikes and two serious felony convictions.

The next month, the trial court denied James's motion for a new trial and his motion under *People v. Superior Court* (1996) 13 Cal.4th 497 (*Romero*). The court imposed a sentence of 250 years to life, plus a 13-year determinate sentence.

James appealed. We vacated his conviction for active participation in a criminal street gang (§ 186.22, subd. (a)), the true findings on the gang enhancements (§ 186.22, subd. (b)(1)(C)) attached to the murder and attempted murder counts, and the true findings on the firearm enhancements (§ 12022.53, subd. (e)(1)) attached to the murder counts, but we otherwise affirmed the judgment. We remanded with directions to allow

3

the People to retry the offense and enhancements or to impose appropriate dispositions in the absence of retrial. We also directed the trial court to stay the execution of the three-year enhancement imposed under section 12022.7, subdivision (a), and to exercise its discretion under section 654. (*People v. James*, *supra*, E077486.)

In October 2023, defense counsel filed a resentencing brief requesting that the court consider "previously submitted matters" in mitigation and strike the firearm enhancements, the five-year sentences for the prior serious felony convictions, and the prior strikes.

The next month, the trial court held a resentencing hearing. The People elected not to retry gang offense or the gang enhancements and moved to dismiss the firearm allegations attached to the murder counts. Defense counsel asked the court to reconsider the original *Romero* motion to strike James's prior strikes, and counsel also noted that the court now had the ability to strike the firearm enhancements and the five-year enhancements for the prior serious felony convictions. The court denied James's *Romero* motion, finding that he did not fall outside of the three strikes law.

The trial court sentenced James to 200 years to life, plus a four-year determinate sentence. James's sentence consisted of 25 years to life, tripled because of the two prior strikes, for a total of 75 years to life for each murder count. For the premeditated attempted murder, the court imposed 25 years to life, plus 25 years to life for the firearm enhancement, and stayed the great bodily injury enhancement for a total of 50 years to life. For the felon in possession of a firearm count, the court imposed the middle term of two years, doubled to four years for a prior strike. The court exercised its discretion not

4

to impose the five-year sentences for the prior serious felony convictions. The court awarded 1683 days of credit for time in custody before James's original sentencing in 2021, plus 839 days of credit for time served in state prison.[1]

## DISCUSSION

James's appellate counsel filed a *Wende* brief identifying three potentially arguable issues: (1) whether the trial court abused its discretion by denying James's *Romero* motion; (2) whether the court abused its discretion by failing to strike or reduce James's firearm enhancement; and (3) whether the court erred by failing to stay or impose the low term on the felon in possession of a firearm count. Counsel asked that we conduct an independent review of the record. We advised James that he had 30 days to file a personal supplemental brief, and we received no response.

We have independently reviewed the record and found no arguable error that would result in a disposition more favorable to James. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Accordingly, we affirm the judgment.

---

[1] The abstract of judgment indicates that the custody credits were corrected at a hearing on March 29, 2024, but the record on appeal does not include a minute order from that date.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

RAMIREZ
P. J.

RAPHAEL
J.

6